UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

CHARLES & ANNETTE
DOUGLASS, JOHN CHANDLER
LOUPE, MARY P. LOUPE and
EDWARD R. BRYANT III,
individually and on behalf of others
similarly situated,

vs.

                          CASE NUMBER:
                          JURY TRIAL DEMANDED

TRANSOCEAN HOLDINGS, INC.;
TRANSOCEAN OFFSHORE
DEEP WATER DRILLING, INC.;
TRANSOCEAN DEEPWATER, INC.;
BP, PLC; BP EXPLORATION AND
PRODUCTION, INC.; BP AMERICA, INC.;
BP PRODUCTS NORTH AMERICA, INC.;
HALLIBURTON ENERGY
SERVICES, INC.; and CAMERON
INTERNATIONAL CORPORATION,
*f/k/a* Cooper-Cameron Corporation,

## CLASS ACTION COMPLAINT

Plaintiffs EDWARD R. BRYANT III, and CHARLES DOUGLASS and ANNETTE

DOUGLASS, and JOHN CHANDLER LOUPE and MARY P. LOUPE, individually and as

representatives of the class defined herein (the "Class"), bring this action against Defendants



                                          CLERK
                              U.S. DISTRICT CT.
                              NORTHERN DIST. FLA.
                              PENSACOLA, FLA.

                              10 APR 30  PM 3: 50

$350 00

FLN 3-4098

                                          FILED

Transocean Holdings, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., BP, PLC, BP Exploration and Production, Inc., BP America, Inc., BP Products North America, Inc., Halliburton Energy Services, Inc., and Cameron International Corporation, a Cooper-Cameron Corporation, as follows:

## INTRODUCTION

1. This is a class action, brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, to recover damages suffered by Plaintiffs and the Class Members as a result of the oil spill that resulted from the explosion and sinking of the oil rig Deepwater Horizon (hereinafter "Deepwater Horizon" or "Oil Rig") on April 20, 2010, at or about 10:00 p.m. on the outer Continental Shelf. Since the incident on April 20, 2010, an estimated 5,000 barrels per day of crude oil have been leaking from the oil well and it is unclear when the leak will be capped. The oil slick has grown to over 100 miles in length by 45 miles.

2. Plaintiffs, on behalf of themselves and all others similarly situated, brings this action for damages against Defendants.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this class action pursuant to both (a) 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and it is a class action brought by citizens of a State that is different from the State where at least one of the Defendants is incorporated or does business and (b) 28 U.S.C. § 1332(a) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue of this action in this district is proper under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and/or Defendants reside in this district.

## PARTIES

5. Plaintiff Edward R. Bryant, III, Charles Douglass, Annette Douglass, and John C. Loupe and Mary P. Loupe own residential condominiums at Pensacola Beach, which are used as rentals on occasion.

6. Defendant Transocean Holdings, Inc. ("Transocean Holdings") is a foreign corporation doing business in the State of Florida. Transocean Holdings, Inc. is a financially responsible party for the conduct of the Transocean entities named herein.

7. Defendant Transocean Offshore Deepwater Drilling, Inc. ("Transocean Offshore") is a foreign corporation doing business in the State of Florida.

8. Defendant Transocean Deepwater, Inc. ("Transocean Deepwater") is a foreign corporation doing business in the State of Florida.

9. Defendant BP, PLC ("BP") is a foreign corporation doing business in the State of Florida.

10. Defendant BP Exploration and Production, Inc. ("BP Exploration") is a foreign corporation doing business in the State of Florida,

11. Defendant BP America, Inc. ("BP America") is a foreign corporation doing business in the State of Florida.

12. Defendant BP Products North America, Inc. ("BP Products") is a foreign corporation doing business in the State of Florida.

13. Defendant Halliburton Energy Services, Inc. ("Halliburton") is a foreign corporation

doing business in the State of Florida.

14. Defendant Cameron International Corporation, *flkla* Cooper-Cameron Corporation, ("Cameron") is a foreign corporation doing business in the State of Florida.

## FACTUAL ALLEGATIONS

15. Transocean Holdings, Transocean Offshore, and TransoceanDeepwater (collectively "Transocean") are the owners and/or operators of the Deepwater Horizon, a semi-submersible mobile drilling rig, which was performing completion operations for BP, BP Exploration, BP America, and BP Products on the outer Continental Shelf, at the site from which the oil spill now originates.

16. BP, BP Exploration, BP America, and BP Products (collectively `BP") are the holders of a lease granted by the Minerals Management Service that allows BP to drill for oil and perform oil production-related operations at the site of the oil spill and on April 20, 2010 operated the oil well that is the source of the oil spill.

17. Upon information and belief, Cameron manufactured and/or supplied the Deepwater Horizon's blow-out preventers ("BOP's") that failed to operate upon the explosion, which should have prevented the oil spill. The BOP's were defective because they failed to operate as intended.

18. Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, increasing the pressure at the well and contributing to the fire, explosion and resulting oil spill.

19. At all times material hereto, the Deepwater Horizon was owned, manned, possessed, managed, controlled, chartered and/or operated by Transocean and/or BP.

20. Transocean, or its predecessors, is the designer of the Deepwater Horizon.

21. The fire and explosion on the Deepwater Horizon, its sinking and the resulting oil spill were caused by the combined and concurring negligence of Defendants, which renders them liable, jointly and severally, to Plaintiff and the Class Members for all their damages.

22. Defendants knew of the dangers associated with deep water drilling and failed to take appropriate measures to prevent damage to Plaintiff, the Class Members, Florida's and the Gulf of Mexico's marine and coastal environments, where Plaintiff and the Class Members own real property.

23. The spilled oil has caused, and will continue in the future to cause, a dangerous environmental contamination of the Gulf of Mexico and its shorelines, threatening Florida's beaches, and associated recreational areas.

24. The oil spill and the contamination have caused and will continue to cause loss of revenue to persons and businesses who are being prevented from using the Gulf of Mexico, including the loss of come from charter fishing trips, tourism, hotel, real estate transactions, and related income and business.

## CLASS ALLEGATIONS

25. Plaintiff brings this action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of himself and all others similarly situated, who are members of the following Class:

> All private property owners, who own and/or derive income
> and profits from the ownership and/or rental of property
> located at Pensacola Beach and who have sustained any loss
> and/or damages as a result of the April 20, 2010 fire and
> explosion which occurred aboard the Deepwater Horizon
> drilling rig and the oil spill resulting there.

26. Excluded from the Class are the officers and directors of any of the Defendants; any judge or judicial officer assigned to this matter and his or her immediate family; and any legal representative, successor, or assign of any excluded person or entities.

27. The proposed Class is so numerous that joinder is impractical. Although the precise number of Class Members is not yet known, Plaintiff avers that the Class Members number in the thousands.

28. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. The principal issue is whether Defendants negligently caused the explosion of the Deepwater Horizon and resulting oil spill which has damaged Plaintiff and the Class.

29. Plaintiffs' claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

30. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has or will secure counsel experienced in handling class actions and complex litigation. Neither Plaintiff nor his counsel has any interests which would prevent them from vigorously pursuing these claims.

31. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members that would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of the Class Members in individually controlling the prosecution of separate claims against Defendants is small. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims.

33. The various claims asserted in the action are certifiable under the provisions of 23 (b)(3) of the Federal Rules of Civil Procedure because the questions of law or fact common to the Members of the Class predominate over any questions affecting only individual Members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I

### (Negligence)

34. Plaintiff, on behalf of self and the Class Members, incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

35. The fire, explosion, and resulting oil spill were caused by the concurrent negligence of Defendants.

36. Upon information and belief, Plaintiff avers that the fire, explosion, and resulting oil spill were caused by the joint negligence and fault of Defendants to properly maintain and operate the Deepwater Horizon, mitigate damages, and ensure the equipment used by the Deepwater Horizon was free of defects.

37. The injuries to Plaintiff and the Class Members were also caused or aggravated by the fact that Defendants negligently failed to take necessary actions to mitigate the danger associated with their operations.

38. Plaintiffs have and will be damaged by diminished value of their real property and lost

rents as a result of the decreased appeal of Pensacola Beach as a result of the environmental damages caused by leaked oil.

39. Damages are yet to be fully determined.

40. Plaintiff and the Class Members are entitled to a judgment finding Defendants liable to Plaintiff and the Class Members for damages suffered as a result of Defendants' negligence and awarding Plaintiff and the Class Members adequate compensation therefore in amounts determined by the trier of fact.

## COUNT II

### (Strict Liability)

41. Plaintiffs, on behalf of themselves and the Class Members, incorporates and realleges each and every allegation set forth above and incorporate the same herein by reference.

42. The actions and activities of Defendants, as described above, including, but not limited to, drilling and transporting oil and other pollutants in the Gulf of Mexico, constitutes an abnormally dangerous and/or ultra hazardous activity that carries with it a high degree of risk of harm to individuals, land or chattels of others.

43. The injuries and damages suffered by Plaintiff were the kind of harm, the possibility of which makes the Defendants' activities abnormally dangerous and/or ultra hazardous.

44. The above described injuries and damages to the Plaintiff and the Class Members were proximately caused by said abnormally dangerous and/or ultra hazardous activity.

45. Plaintiff and the Class Members are entitled to a judgment finding Defendants liable to Plaintiff and the Class Members for damages suffered as a result of Defendants' abnormal.

## PARYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members respectfully demand judgment against Defendants, jointly and severally, as follows:

   a.   An order certifying the Class, appointing Plaintiff as Class Representative; and appointing undersigned counsel as counsel for the Class;

   b.   Economic and compensatory damages in amounts to be determined at trial;

   c.   Pre judgment and post judgment interest at the maximum rate allowable by law;

   d.   Punitive damages;

   e.   Such other and further relief available and any relief the Court deems just and appropriate.

/s/ R. M. BARNETT
RYAN M. BARNETT
FBN 0693707
S. SCOTT STONE
FBN 154733

WHIBBS & STONE, P.A.
801 W. ROMANA STREET
Pensacola, Florida 32502
Telephone 850.434.5395
Fax 850.469.0043
Attorneys for Plaintiffs